Carr, J.
It has been decided by this court (so often and so recently that I need not cite the cases) that where a party has a complete remedy at law, equity will not interfere. We have also decided upon solemn argument, that a court of equity is not the proper tribunal to try legal titles, and that a bill bringing before this court, the dry legal title to lands, is demurrable: Stuart’s heirs v. Coalter, 4 Rand. 74. is one of the cases in which this point was decided, after the most careful examination. Upon the case stated in the bill, did the plaintiff want the aid of equity ? He had, as he says, the legal title and the possession; and the *4 glebe was a private donation, protected by the exception contained in the statute of January 1802. What had he, then, to fear from the defendants’ sale of the property? That sale could not divest his possession, nor affect his title in the least; he had only to hold on, and let the defendants’ vendee bring his action: and then the legal title would have been discussed, and passed upon, in that forum to which such questions properly belong. But he has come into equity, whose aid he does not need, according to his own shewing; and brought up for its decision a title to real estate purely legal. Such a bill should never have been entertained.
The other judges concurring, the decree was reversed, and bill dismissed.